**FILED**

**OCT 01 2020**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 19 CR 805 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 666, 1001, 1341, 1343, and 1346 |
| LUIS ARROYO and | ) | |
| JAMES T. WEISS | ) | **SUPERSEDING INDICTMENT** |

**JUDGE SEEGER**
**MAGISTRATE JUDGE VALDEZ**

**COUNT ONE**

The SPECIAL JANUARY 2020 GRAND JURY charges:

1. At times material to this superseding indictment:

    a. The State of Illinois was a government that received in excess of $10,000 in federal benefits during the period from November 1, 2018 through October 31, 2019. The legislative branch of the State of Illinois was the Illinois General Assembly, which consisted of the Illinois House of Representatives and the Illinois Senate.

    b. Defendant LUIS ARROYO was an Illinois State Representative. ARROYO owed a duty of honest services to the people of Illinois. As an elected official, ARROYO was required by law to annually file with the Illinois Secretary of State a "Statement of Economic Interests," which would disclose, among other things, certain income received by ARROYO during the prior calendar year. An elected official who filed a Statement of Economic Interests was required to verify that the information contained in the filing was true, correct, and complete.

c. Defendant JAMES T. WEISS was a manager of Collage LLC ("Collage"), a company involved in the sweepstakes gaming industry.

d. State Senator A was an Illinois State Senator and owed a duty of honest services to the people of Illinois. Unbeknownst to ARROYO and WEISS, State Senator A was cooperating with law enforcement authorities.

e. Spartacus 3 LLC ("Spartacus") was a company controlled by ARROYO. Spartacus maintained a checking account at Chase Bank over which ARROYO was an authorized signer.

2. Beginning in or around 2018, and continuing until in or around October 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS ARROYO and
JAMES T. WEISS,

defendants herein, knowingly devised, intended to devise, and participated in a scheme to defraud the people of Illinois of the intangible right to the honest services of ARROYO and State Senator A through bribery and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that ARROYO and WEISS agreed that WEISS would make bribe payments to Spartacus and State Senator A's nominee, in exchange for ARROYO's and State Senator A's sponsorship of, votes on, and assistance with

the enactment of legislation related to the sweepstakes industry, WEISS, and Collage.

4. It was further part of the scheme that, between on or about November 1, 2018 and on or about October 1, 2019, WEISS paid bribes to ARROYO in the form of checks issued by Collage and made payable to Spartacus.

5. It was further part of the scheme that, in order to conceal and avoid detection of the scheme, ARROYO did not report to the Illinois Secretary of State payments made to Spartacus by Collage.

6. It was further part of the scheme that, in exchange for bribes from WEISS, ARROYO: (a) agreed to vote for and promote legislation in the Illinois House of Representatives related to the sweepstakes industry; (b) promoted the enactment of legislation related to the sweepstakes industry by advising other members of the General Assembly, including State Senator A, in order to induce those people to sponsor and vote for the legislation; (c) promoted the enactment of legislation related to the sweepstakes industry by advising representatives of Illinois' Executive Branch in order to induce those people to support the enactment of the legislation; and (d) spoke in favor of the legislation during proceedings in the Illinois House of Representatives, including during a House committee hearing.

7. It was further part of the scheme that ARROYO and WEISS agreed to enlist State Senator A to promote the enactment of legislation related to the sweepstakes industry by offering State Senator A bribes in exchange for his

sponsorship of, vote for, and promotion of legislation related to the sweepstakes industry in the Illinois Senate.

8. It was further part of the scheme that, on or about May 1, 2019, ARROYO caused to be filed with the Illinois Secretary of State his Statement of Economic Interests, falsely stating, "N/A," in response to the directive, "List the name of any entity doing business in the State of Illinois from which income in excess of $1,200 was derived during the preceding calendar year, other than for professional services . . . ."

9. It was further part of the scheme that, on or about August 2, 2019, ARROYO, in the presence of WEISS, asked State Senator A to promote the passage of legislation in the Illinois Senate related to the sweepstakes industry.

10. It was further part of the scheme that on or about August 2, 2019, ARROYO met separately with State Senator A and offered to have WEISS pay State Senator A bribes in exchange for State Senator A's sponsorship of, vote for, and promotion of legislation in the Illinois Senate related to the sweepstakes industry. ARROYO told State Senator A that bribe payments to State Senator A could be disguised as a monthly consultant payment to a third party (a "nominee") and confided that the bribe payments would be the "[s]ame way I'm getting paid, I'm getting paid twenty-five, twenty-five hundred dollars a month."

11. It was further part of the scheme that on or about August 22, 2019, ARROYO made a $2,500 bribe payment to State Senator A in the form of a check

issued by Collage and made payable to State Senator A's nominee and told State Senator A that the payments would continue with a "check per month . . . six months to a year." ARROYO also provided State Senator A with proposed legislation related to the sweepstakes industry that ARROYO and WEISS wanted State Senator A to sponsor, vote for, and promote in the Illinois Senate.

12. It was further part of the scheme that, on or about August 22, 2019, WEISS sent State Senator A an email containing proposed legislation related to the sweepstakes industry and a second email providing an explanation of the proposed legislation.

13. It was further part of the scheme that, in or around October 2019, ARROYO and WEISS caused the preparation of a sham consulting contract between Collage and State Senator A's nominee for the purpose of concealing the bribe payments WEISS and ARROYO made and planned to make to State Senator A.

14. It was further part of the scheme that, on or about October 22, 2019, WEISS caused a package to be mailed to State Senator A that contained a $2,500 bribe payment in the form of a check issued by Collage and made payable to State Senator A's nominee, as well as a sham consulting agreement.

15. It was further part of the scheme that, on or about October 24, 2019, WEISS communicated to State Senator A that WEISS had sent a check to State Senator A at an address provided by ARROYO.

16. It was further part of the scheme that, on or about October 25, 2019, in order to conceal and avoid detection of the scheme, WEISS told federal law enforcement agents that he had spoken to State Senator A's nominee about the purported consulting agreement with Collage.

17. It was further part of the scheme that ARROYO and WEISS concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

18. On or about May 3, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS ARROYO and
JAMES T. WEISS,

defendants herein, for the purpose of executing the scheme, knowingly caused to be transmitted by wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, data relating to the negotiation of check number 2088 in the amount of $7,500 issued by Collage and made payable to Spartacus, which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 17 of Count One of this superseding indictment are realleged and incorporated here.

2. On or about August 1, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LUIS ARROYO and
> JAMES T. WEISS,

defendants herein, for the purpose of executing the scheme, knowingly caused to be transmitted by wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, data relating to the negotiation of check number 4351 in the amount of $2,500 issued by Collage and made payable to Spartacus, which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 17 of Count One of this superseding indictment are realleged and incorporated here.

2. On or about August 22, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LUIS ARROYO and
> JAMES T. WEISS,

defendants herein, for purposes of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic-mail communication containing proposed legislation related to the sweepstakes industry, which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraphs 1 through 17 of Count One of this superseding indictment are realleged and incorporated here.

2. On or about October 22, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LUIS ARROYO and
> JAMES T. WEISS,

defendants herein, for the purpose of executing the scheme, knowingly caused to be delivered by the Postal Service a package addressed to State Senator A at an address in Lincolnshire that contained a $2,500 bribe payment in the form of a check issued by Collage and made payable to State Senator A's nominee, as well as a sham consulting agreement;

In violation of Title 18, United States Code, Sections 1341 and 1346.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraph 1 of Count One of this superseding indictment is realleged and incorporated here.

2. Beginning in or around November 2018, and continuing to in or around October 2019, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

LUIS ARROYO,

defendant herein, as an agent of the State of Illinois, corruptly solicited, demanded, agreed to accept, and accepted things of value, namely, money, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or more, namely, the enactment of legislation related to the sweepstakes industry by the Illinois General Assembly;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT SIX

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraph 1 of Count One of this superseding indictment is realleged and incorporated here.

2. Beginning no later than in or around November 2018, and continuing until in or around October 2019, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JAMES T. WEISS,

defendant herein, corruptly gave, offered, and agreed to give things of value, namely, money, intending to influence and reward Luis Arroyo, an agent of the State of Illinois, in connection with any business, transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or more, namely, the enactment of legislation related to the sweepstakes industry by the Illinois General Assembly;

In violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SEVEN

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraph 1 of Count One of this superseding indictment is realleged and incorporated here.

2. Beginning no later than in or around August 2019, and continuing until in or around October 2019, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LUIS ARROYO and
> JAMES T. WEISS,

defendants herein, corruptly gave, offered, and agreed to give things of value, namely, money, intending to influence and reward State Senator A, an agent of the State of Illinois, in connection with any business, transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or more, namely, the enactment of legislation related to the sweepstakes industry by the Illinois General Assembly;

In violation of Title 18, United States Code, Section 666(a)(2).

## COUNT EIGHT

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1. Paragraph 1 of Count One of this superseding indictment is realleged and incorporated here.

2. Prior to on or about October 25, 2019, the Federal Bureau of Investigation had initiated an investigation of LUIS ARROYO and JAMES T. WEISS concerning potential violations of federal criminal law.

3. The scope and nature of ARROYO's and WEISS's interactions, involvement, and contacts with each other and State Senator A were material to the investigation.

4. On or about October 25, 2019, at Maywood, in the Northern District of Illinois, Eastern Division,

JAMES T. WEISS,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency within the executive branch of the government of the United States, when he stated the following:

　　i. When asked about State Senator A's nominee, WEISS said that WEISS talked to State Senator A's nominee.

　　ii. When asked about State Senator A's nominee, WEISS said that ARROYO put WEISS on the phone with State Senator A's nominee.

13

    iii.    WEISS told State Senator A's nominee, "[H]ow are you? My name's JIM WEISS. Nice to meet you."

    iv.    State Senator A's nominee said, "When are you going to send the agreement over?"

    v.    WEISS stated that he knew State Senator A's nominee was going to get a check before WEISS provided a check to ARROYO on or about August 22, 2019.

    vi.    WEISS denied knowing that he was sending a check to State Senator A's nominee to a post-office box that was associated with State Senator A.

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALEGATION

The SPECIAL JANUARY 2020 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 666, 1341, and 1343 as set forth in this superseding indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Amarjeet S. Bhachu
on behalf of the
UNITED STATES ATTORNEY

15